**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL WALKER,** | : | **CIVIL NO. 3:19-CV-1297** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Mariani)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **RUSSELLA JO BELL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM AND ORDER**

## I. Factual Background

This *pro se* lawsuit brought by a state prisoner involves a workplace dispute in prison industries. The plaintiff, Michael Walker, has filed a motion to compel (Doc. 60), which seeks to compel the defendants to identify the current whereabouts of a potential witness, an inmate know to the plaintiff as "O'Shea Saunders." The defendants have responded by reporting that Department of Corrections reports that there is no inmate by this name confined in state custody. (Doc. 64).

In light of this response, this motion to compel will be denied.

## II. Discussion

### A. Guiding Principles.

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion.

Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, "[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("Although the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits....Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

Accordingly, at the outset it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information, a

concept that is not confined to admissible evidence but is also defined in the following terms: “Information within this scope of discovery need not be admissible in evidence to be discoverable.” Rather, “[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.” Fed. R. Civ. P. 26(b)(1). This concept of relevance is tempered, however, by principles of proportionality. Thus we are now enjoined to also consider whether the specific discovery sought is “proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.” Fed. R. Civ. P. 26(b)(1). “Thus, it has been said that the amended rule ‘restores the proportionality factors to their original place in defining the scope of discovery.’ ” Fassett v. Sears Holdings Corp., 319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)). Finally:

> [O]ne other immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho–McNeil–Janssen Pharmaceuticals, Inc., No. 08–5904, 2010 WL 5186088 (E.D.Pa. Dec.21, 2010); Knauss v. Shannon, No. 08–1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

Hagan v. Dolphin, No. 1:13-CV-2731, 2015 WL 3454499, at *5 (M.D. Pa. May 29, 2015).

These principles control here and call for the denial of this motion to compel. Since the defendants report that there is no record of an inmate named "O'Shea Saunders" in the state prison system, they cannot produce information regarding the current whereabouts of this alleged inmate-witness. Instead, it is incumbent upon the plaintiff to provide a valid, verifiable name for this potential witness if he expects corrections officials to identify this inmate-witness' current whereabouts.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL WALKER,** | : | **CIVIL NO. 3:19-CV-1297** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Mariani)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **RUSSELLA JO BELL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW this 6th day of July 2021, in accordance with the accompanying Memorandum, IT IS ORDERED that the plaintiff's motion to compel, (Doc. 60), is DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge