IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WALKER, | Civil No. 3:19-cv-1297 |
| Plaintiff, | (Judge Mariani) |
| v. | |
| RUSSELLA JO BELL and C. SMITH, | |
| Defendants. | |

## ORDER

The background of this Order is as follows:

Trial is set to commence in the above-captioned matter on February 13, 2023, on Plaintiff's First Amendment retaliation claim which is based on his assertion that Defendants retaliated against him for filing grievances by filing misconduct reports and participating in bringing about the loss of his Correctional Industries job at SCI-Huntingdon.

The Motion in Limine of Bell and Smith to Exclude Certain Evidence for Failure to Exhaust Under the PLRA ("Motion") (Doc.107) is pending before the Court. With the Motion, Defendants seek an order precluding Plaintiff from introducing evidence of the following:

> Misconduct Report Nos. B886364 and A564113 which were resolved via an "Informal Resolution Action Form" for which WALKER took no appeal despite the availability of such an administrative appeal under DC-ADM 801;
>
> Grievance Report Nos. 690621, 690622, 701768, 714980, and 722549, which WALKER began but did not complete the administrative remedies under

>DC-ADM 804; and,
>
>Any allegations of his Complaint which were not grieved at any level despite the availability of an inmate grievance procedure under DC-ADM 804.

(Doc. 108 at 3.)

To establish illegal retaliation for engaging in protected conduct, a plaintiff must prove that:

>(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him. Because motivation is almost never subject to proof by direct evidence, Watson must rely on circumstantial evidence to prove a retaliatory motive. He can satisfy his burden with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link.

*Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001)).  Filing grievances implicates conduct protected by the First Amendment. *Watson*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

Defendants acknowledge that the filing of the identified grievances is constitutionally protected conduct.  (*See* Doc. 131 at 5.)  They do not assert that the grievances upon which this action is based, numbers 701764 and 710288, were not fully exhausted before filing this action.

## A. DC-ADM 801 Administrative Appeal

The Court concludes that Defendants' first argument regarding Plaintiff's failure to appeal the misconduct reports at issue is without merit in that Defendants provide no support for the conclusion that exhaustion under DC-ADM 801 is necessary in the circumstances presented here and the Court finds that such exhaustion is not relevant to the First Amendment retaliation claims set for trial. Plaintiff is not challenging the facts upon which the misconduct reports were based; he is challenging the motivation for the filing of the misconduct reports. Thus, Plaintiff must prove that the misconduct reports Defendants filed against him and the loss of his prison job were at least motivated in part by retaliation for his filing of grievance numbers 701764 and 710288. (*See, e.g.*, Doc. 1 ¶¶ 26, 54; Doc. 86 at 3, 7, 10-12.) "A plaintiff can make out a retaliation claim even though the charge against him may have been factually supported." *Watson*, 834 F.3d at 426 (citing *Hill v. City of Scranton*, 411 F.3d 118, 130 (3d Cir. 2005)). Thus, evidence that shows some legitimate basis for filing the misconduct reports does not preclude a jury from finding that the reports were filed in retaliation for filing grievances. *See Watson*, 834 F.3d at 423-24, 426.

Authority cited by Defendants supports the well-established rule that available administrative remedies under DC-ADM 804 must be fully exhausted regarding grievances upon which the action is based before bringing suit (Doc. 108 at 8 (citations omitted)) and a plaintiff must exhaust available DC-ADM 801 exhaustion procedures where he raises a due process claim related to a prison disciplinary hearing (*id.* at 4-5 (citing *Pena v. Clark*, Civ. A.

No. 3:19-CV-1536, 2021 WL 4477274 (M.D. Pa. Sept. 9, 2021))).  However, no cited case supports a conclusion that appeals available under DC-ADM 801 must *also* be exhausted where a misconduct report is identified as an adverse action related to the filing of a fully exhausted grievance or that failure to exhaust under DC-ADM 801 precludes introduction of evidence at trial related to the filing of the misconduct report.  (*See* Doc. 108 at 4-5, 7-11 (citing *Pena*, 2021 WL 4477274, at *3-4; *Sanders v. Sec'y, Pa. Dep't of Corr.*, 602 F. App'x 54 (3d Cir. 2015); *Wyatt v. Malisko*, Civ. A. No. 3:16-CV-1438, 2021 WL 1964704 (M.D. Pa. May 17, 2021); *Zaengle v. Rosemount, Inc.*, Civil Action No. 08-2010; 2014 WL 296938, at *3 (E.D. Pa. Jan. 28, 2014); *Nesby v. Yellen*, 2:18-CV-1655, 2022 WL 1091916, at *4 (W.D. Pa. Apr. 12, 2022); *Dippre v. Gototweski*, 434 F. App'x 79 (3d Cir. 2011)).)  Similarly, Defendants provide no basis for the Court to find that an evidentiary hearing is needed in the present context.  Therefore, the Court will deny Defendants' Motion as it pertains to exhaustion under DC-ADM 801.

**B. Grievance Numbers 690621, 690622, 701768, 714980, and 722549**

Defendants merely state that Plaintiff did not complete the grievance process for the identified grievances.  (Doc. 108 at 7.)  Grievance numbers 690621, 690622, 701768, 714980, and 722549 are not identified as bases for Plaintiff's retaliation claims.  (*See, e.g.*, Docs. 1, 86.)  Therefore, admissibility of evidence related to these grievances can best be determined in the context of trial if and when Plaintiff seeks to introduce such evidence and the Court will deny this aspect of Defendants' Motion without prejudice.

## C. Other Allegations in Plaintiff's Complaint

Defendants request the Court to prohibit the introduction of any allegations in the Complaint which could have been grieved. (Doc. 108 at 7.) They do not provide support for this broad preclusion of evidence. As a general matter, a plaintiff may proffer evidence which provides essential context for his claims. *See, e.g., Wyatt*, 2021 WL 1964704, at *2. Further, the wholesale exclusion of a broad class of evidence "should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). For these reasons, the Court will deny this aspect of Defendants' Motion without prejudice.

**ACCORDINGLY, THIS \_\_9th\_\_ DAY OF FEBRUARY 2021, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion (Doc. 107) as it pertains to exhaustion of administrative remedies pursuant to DC-ADM 801 is **DENIED WITH PREJUDICE;**

2. Defendants' Motion (Doc. 107) is otherwise **DENIED WITHOUT PREJUDICE.**

Robert D. Mariani
United States District Judge